UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EUNICE LOPEZ,                                    Case No.: _____

          Plaintiff,

vs.

LIFE INSURANCE COMPANY OF NORTH AMERICA
d/b/a CIGNA,

          Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, EUNICE LOPEZ (hereinafter "Plan Beneficiary"), through her undersigned counsel, and sues Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, (hereinafter "the Insurance Company"), and alleges:

### NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1. This is a civil action arising under the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, Title 29, United States Code Sections 1000-1461 ("ERISA"), for Defendant's wrongful denial of Plaintiff's disability benefits for damages, attorney's fees and costs, and for other relief within the subject matter jurisdiction of this Court.

2. This is an action that involves parties and property located within the venue of this Court, and venue is otherwise proper pursuant to 28 U.S. Code § 1391.

3. At all times material hereto, the Plan Beneficiary was a citizen and is and was an individual residing in Miami-Dade County, Florida and is *sui juris*.

4. At all times material hereto, the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "Insurance Company"), is and was an insurance company



2601 S. Bayshore Drive |18th Floor | Miami, FL 33133 | Ph: 305-444-5969

authorized to, and doing business in the state of Florida and providing disability insurance coverage and plan administration services to Florida residents, including Plaintiff.

5. A substantial part of the events or omissions giving rise to the claim occurred in Miami-Dade County, Florida.

6. At all times material hereto, the Defendant Insurance Company, administered disability benefits and related services in the State of Florida, under its trade name, Cigna, and is subject to the jurisdiction of this Court.

7. At all times material hereto, Brown and Brown, Inc. (hereinafter "the Employer"), is and was a self-funded employer that sponsored a disability insurance plan of which Plaintiff is and was a beneficiary. The Employer employed more than 20 employees at all relevant times.

8. At all times material hereto, the Defendant Insurance Company was a plan and claims administrator for the Employer.

9. Under the terms of the Policy administered by Defendant, Insurance Company, beneficiaries who are covered under plans that Defendant administers, like Plaintiff, are entitled to payment for disability benefits.

10. At all times material hereto, the Defendant, Insurance Company was plan administrator for the Employer, a self-funded employer sponsored health insurance plan, of which, Plaintiff was a beneficiary.

11. This Court possesses original jurisdiction pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United States Code, Section 1331.

12. Venue is proper in the Southern District Court of Florida pursuant to Title 29, United States Code, Section 1132(e) and Title 28, United States Code, Section 139l(b) since the facts and circumstances *(e.g.,* claim denial and payment of disability benefits) giving rise to this cause

of action transpired (in whole or in part) in Miami-Dade County, Florida and (2) Defendant's conduct a substantial amount of business in this District and in Miami-Dade County, Florida.

13. All conditions precedent to the institution of this action (e.g., administrative pre-suit appeals) have occurred, been performed, been waived, or were futile.

## GENERAL ALLEGATIONS

14. At all material times, the Plan Beneficiary was covered by the disability insurance plan sponsored and self-funded by her employer. A copy of the Policy document is attached hereto as **Exhibit A** ("the Policy/Plan").

15. The Insurance Company was the Plan and claims administrator for the Employer.

16. At all times material, the Plan Beneficiary required disability benefits. More specifically, on or about May 15, 2019, the Plan Beneficiary was unable to work due to an illness.

17. The Plan Beneficiary filed a claim and then submitted multiple correspondence and medical information as evidence of her illness and inability to return to work. The Insurance Company denied the claim.

18. The Plan Beneficiary submitted an appeal with medical information from her treating physician.

19. By letter dated March 5, 2020, the Insurance Company denied the appeal and upheld the denial of the claim for disability benefits.

20. As of the date of filing of this lawsuit, the Plan Beneficiary has been unable to return to work.

Case No.: _____
Page 4 of 6

21. By virtue of multiple violations and wrongful denial of benefits by the Defendant and its agents, Plaintiff has been forced to retain the services of the undersigned counsel and has agreed to pay said attorney a reasonable fee for her services.

## COUNT I
## VIOLATION OF §502 (a) of ERISA Against Defendant

22. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff is a Plan Beneficiary under §502(a) of ERISA.

24. As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to recover benefits under the terms of the plan administered by Defendant, its agents, and employees, under which she is covered.

25. As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to clarification of her rights to benefits under the terms of the Plan administered by Defendant, its agents, and employees, under which she is covered.

*26.* The terms of the disabilty benefit plan at issue in this action obligates Defendant, its agents, and employees, to make payment to Plaintiff for disability benefits.

27. Defendant, its agents, and employees, failed to make payment of benefits to Plaintiff although she had a medical condition that caused her disability and did not allow her to work, in violation of ERISA.

28. Defendant, its agents, and employees, failed to provide Plaintiff with all rights she is entitled to under the terms of the Plan administered by Defendant, under which she is covered, in violation of ERISA.

29. Defendant, its agents, and employees, failed to make clear to Plaintiff all rights she is entitled to under the terms of the Plan administered by Defendant, under which she is covered in violation of ERISA.

30. Defendant, its agents, and employees, further violated ERISA by interpreting and implementing ERISA plan terms in a way that was systematically arbitrary and capricious, and failed to provide a benefit determination and appeal process that provides for a full and meaningful review of benefit claims and determinations.

31. Defendant, its agents, and employees, further violated ERISA by discriminating against the Plaintiff and her condition.

32. As a direct and proximate cause of the Defendant's and Defendant's agents and employees' violations of ERISA, Plaintiff has suffered damages.

33. Plaintiff is entitled to monetary damages and/or restitution from Defendant. In particular, and not by way of limitation, Defendant is liable to Plaintiff for unpaid benefits, interest, attorneys' fees, and other penalties as this Court deems just and proper, under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

34. In addition, Plaintiff seeks counsel fees, costs, prejudgment interest and other appropriate equitable relief, Defendant's violations of ERISA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, EUNICE LOPEZ, prays that this Honorable Court will enter judgment against Defendant, as follows:

a. For monetary damages and civil penalties;

b. For reasonable attorney's fees and costs of suit;

c. For all damages allowed under ERISA;



Case No.: _____
Page 6 of 6

 d. Declaring that Insurance Company has breached the terms of the Policy;

 e. Declaring that the Insurance Company has breached its fiduciary duties under ERISA;

 f. Awarding pre-judgment and post-judgment interest; and

 g. For such other and further relief as the Court deems just and proper.

Dated this 23rd day of December 2020.

Respectfully submitted,

**Your Insurance Attorney, PLLC**
Health and Medicine Law Firm Division
*Counsel for Plaintiff*
2601 S. Bayshore Drive, 18th Floor
Miami, FL 33133
Ph: 305-444-5969
Service email:
health@mellawyers.com
Attorney email:
msanti@yourinsuranceattorney.com
jnunez@yourinsuranceattorney.com

By: **/s/ Maria T. Santi**
   MARIA T. SANTI, ESQUIRE
   Florida Bar No.: 117564

