UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:20-CV-25259-CMA

EUNICE LOPEZ,

        Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA, d/b/a CIGNA,

        Defendant.
_____/

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S**
**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA" or "Defendant"), for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

Except as otherwise admitted, qualified or denied in this Answer and Affirmative Defenses, Defendant denies each and every allegation of Plaintiff's Complaint.

**NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE**

1. Defendant admits that this action is governed by ERISA and within the jurisdiction of this Court. Defendant denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint and demands strict proof thereof.

2. Defendant admits that venue is proper.

3. Defendant is without sufficient knowledge as to the allegations in Paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

4. Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint and demands strict proof thereof.

6. Defendant admits that it is subject to the jurisdiction of this Court. As the terms, "at all times material hereto" are not defined, Defendant can neither admit nor deny the remaining allegations in Paragraph 6 of Plaintiff's Complaint and demands strict proof thereof.

7. As the terms, "at all times material hereto" are not defined, Defendant can neither admit nor deny the remaining allegations in Paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

8. Defendant denies that it was a plan administrator and demands strict proof thereof. Defendant admits that it was a claims administrator for the disability plan.

9. Defendant denies that all beneficiaries who are covered under plans are entitled to payment for disability benefits and further denies that it administers these plans and demands strict proof thereof.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11. The allegations in Paragraph 11 call for a legal conclusion but Defendant admits that this Court has jurisdiction.

12. Defendant admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits the allegations in Paragraph 13 of Plaintiff's Complaint.

### GENERAL ALLEGATIONS

14. As the terms, "at all times material" are not defined, Defendant can neither admit nor deny the allegations in Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Defendant denies that it was the plan administrator and demands strict proof thereof. Defendant admits that it was the claims administrator for the disability plan.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Defendant admits that Plaintiff filed a claim, submitted information and that LINA denied the claims. Defendants denies that the information contained evidence of her inability to work and demands strict proof thereof.

18. Defendant admits the allegations in Paragraph 18 of Plaintiff's Complaint.

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendant states that LINA's March 5, 2020 letter is a document that speaks for itself and is the best evidence as to its contents. To the extent the allegations contained in Paragraph 19 of Plaintiff's Complaint are consistent with LINA's March 5, 2020 letter, then they are admitted. To the extent the allegations contained in Paragraph 19 of Plaintiff's Complaint are not consistent with LINA's March 5, 2020 letter, then they are denied. Defendant denies the remaining allegations, if any, contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

## COUNT I
## VIOLATION OF §502(a) of ERISA Against Defendant

22. Defendant incorporates responses in Paragraphs 1 through 21 as if fully set forth herein.

23. Defendant admits the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

25. The allegations of Paragraph 25 call for a legal conclusion to which no response is necessary.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint and demands strict proof thereof.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint and demands strict proof thereof.

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint and demands strict proof thereof.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint and demands strict proof thereof.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint and demands strict proof thereof.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint and demands strict proof thereof.

33. Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint and demands strict proof thereof.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief sought in the WHEREFORE clause of the request for relief.

## AFFIRMATIVE DEFENSES

Now comes Life Insurance Company of North America ("LINA") and for its affirmative defenses, states as follows:

## FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff is asserting any non-ERISA or common law claims, such claims are preempted and barred by the ERISA Act of 1974, as amended.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to comply with the terms and conditions of the subject group insurance policy and plan documents.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on a failure to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, from recovery on the grounds that LINA has discharged its obligations to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Under the terms and conditions of the subject group insurance policy and plan documents, LINA is entitled to recoup and/or collect offsets for other income or benefits, as defined by the applicable group policy or plan documents, received by Plaintiff in connection with any alleged disability, including, but not limited to, social security disability payments,

workers' compensation payments and payments received under other disability insurance policies.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

If the Court determines that LINA materially erred in administering Plaintiff's claims for benefits under the terms of the plan and subject group policy or applicable law, which is denied, then the Court should remand the claim to LINA for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are limited in this action to a review by this Court, without any jury, of the Administrative Record, including the group LTD policy at issue and any applicable plan documents, so as to determine whether LINA's actions were arbitrary and capricious and/or an abuse of discretion.

### TENTH AFFIRMATIVE DEFENSE

LINA's interpretation of the terms of the plan documents was reasonable and its claim determination was supported by substantial evidence.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for disability benefits, if payable, is limited by mental illness limitation in the LTD policy.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff intends to allege any claim for relief other than for benefits, LINA avers that such claim(s) cannot be maintained, as Plaintiff has a claim under 502(a)(1)(b) for ERISA benefits.

LINA reserves the right to assert additional affirmative defenses including those that become known in the course of this litigation.

WHEREFORE Defendant Life Insurance Company of North America respectfully requests that judgment be entered in its favor and against Plaintiff, and that all claims asserted by Plaintiff be dismissed with prejudice, for an award of costs and attorneys' fees, and for such other and further relief as this Court deems just and proper in the premises.

| | |
|---|---|
| Dated:   January 25, 2021 | s/ Shari Gerson<br>SHARI GERSON<br>Florida Bar No.  17035<br>GRAY ROBINSON, P.A.<br>Email:  Shari.Gerson@Gray-Robinson.com<br>401 East Las Olas Boulevard, Suite 1000<br>Fort Lauderdale, Florida  33301<br>Telephone:  954-761-8111<br>Facsimile:  954-761-8112<br>*ATTORNEYS FOR DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of January, 2021, I have electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on, Maria T. Santi, Your Insurance Attorney, PLLC, Health and Medicine Law Firm Division, 2601 S. Bayshore Drive, 18th Floor, Miami, FL 33133,

Tel: 305-444-5969, email: msanti@yourinsuranceattorney.com, *counsel for Plaintiff*, in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s/ Shari Gerson
                                                SHARI GERSON
Florida Bar No. 17035
GRAY ROBINSON, P.A.
Email: Shari.Gerson@Gray-Robinson.com
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: 954-761-8111
Facsimile: 954-761-8112
Counsel for Defendant

/827509/229#43273723 v1