UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:20-CV-25259-CMA

EUNICE LOPEZ,

    Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA, d/b/a CIGNA,

    Defendant.
_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), pursuant to Local Rule 56.1(3), and in connection with their Motion for Summary Judgment, hereby replies to Plaintiff's Statement of Material Facts [ECF 23] ("Pl's SMF").

Pursuant to Local Rule 56.1, LINA filed a Statement of Material Facts, consisting of forty (40) numbered paragraphs, and including pin-cites to the record to support each fact. *See* ECF 19 (LINA's "SMF"). Plaintiff did not "challenge any purportedly material fact asserted by [LINA] that [Plaintiff] contends is genuinely in dispute." L.R. 56.1(a)(2); *see also* L.R. 56.1(b)(2). Therefore, pursuant to the Local Rules, LINA's SMF [ECF 19] are undisputed, and because the facts were well-supported by record evidence, they should be deemed admitted. L.R. 56.1(c). With respect to Plaintiff's additional facts as presented in her SMF, LINA responds as follows[1]:

---

[1] LINA notes that although LINA disputes certain of Plaintiff's facts, or disputes them in part, such disputes are not material to *LINA*'s Motion for Summary Judgment [ECF 18]. Many of the disputes herein are simply due to Plaintiff's misinterpretation or inaccurate paraphrasing of the contents she cites to.

1. Undisputed that AR 457 confirms this statement.

2. Undisputed *as clarified* by LINA's SMF ¶ 2.

3. Disputed. As explained in LINA's SMF ¶¶ 4-5, LINA is the designated *claims* administrator, not the Plan administrator.

4. Undisputed *as clarified* by LINA's SMF ¶¶ 1-5 (hereafter "LTD Plan" refers to the LTD Plan as defined and described in LINA's SMF ¶¶ 1-2).

5. Undisputed in part. As clarified by LINA's SMF ¶6, Plaintiff's ceased working on May 14, 2019. Undisputed that Plaintiff immediately (on May 14, 2019) initiated a claim for **short-**term disability ("STD") and submitted an authorization to obtain medical records. *See* AR 050 (acknowledging short-term claim initiation, pertaining to short-term disability plan "SHD-0985316).

6. Undisputed that the **short-term** disability claim form identifies both Michelle **Gonales** and Javier Lopez. *See* AR 064. However, as stated in LINA's SMF (which are undisputed), Plaintiff never submitted any treatment records from any provider other than Dr. Lopez, and the only treating provider identified by Plaintiff on her **long-term** disability ("LTD") claim forms was Dr. Lopez. *See* LINA SMF ¶¶ 15, 18; AR 500. In addition, LINA specifically pointed out to Plaintiff in its initial denial letter (dated November 14, 2021) that: "Additionally, there are no records from a treating psychologist and there were no further referrals to a psychiatrist." LINA SMF ¶ 27 (quoting AR 540) Finally, as a matter of factual correction, according to the Florida Department of Health, there is no mental health counselor, psychotherapist or psychologist licensed in the Florida by the name Michelle Gonales. *See* https://mqa-internet.doh.state.fl.us/MQASearchServices/Home.

7. Undisputed.

8. Undisputed in part. As clarified in LINA's SMF ¶ 9, Plaintiff received **short-term** disability benefits through Brown & Brown's self-insured STD program from May 29, 2019 through August 12, 2019. *See* LINA SMF ¶ 9. The LTD Plan does not provide or control STD benefits.

9. Undisputed as clarified by LINA SMF ¶12 and LTD Plan 052 (the LTD Plan is filed as [ECF 19-2])

10. Disputed in part. The actual definition of sickness is simply: "Any physical or mental illness." LTD Plan 071.

11. Undisputed, except that the LTD Plan page cited should be LTD Plan 062.

12. Disputed as to the first sentence of Pl's SMF ¶ 12, as set forth in LINA's SMF ¶¶ 18-22, 25-28, 32-34, 36-39 (and AR pages cited therein). Undisputed as to the second sentence of Pl's SMF ¶ 12.

13. Undisputed that, as clarified in LINA's SMF ¶ 27, LINA notified Plaintiff by letter dated November 14, 2019 that her LTD claim was denied.

14. Disputed. *See* LINA SMF ¶ 27 & AR 538-42.

15. Disputed as inaccurately describing the content of LINA's letter. LINA's letter is located at AR 538-42 and speaks for itself. *See* LINA SMF ¶ 27.

16. Undisputed.

17. Undisputed that LINA was informed of Plaintiff having an office visit scheduled for October 11, 2019 with Dr. Lopez, as acknowledged by LINA in its letter. *See* AR 523.

18. Undisputed.

19. Disputed, *see, e.g.*, AR 462, 509-10, 513-14.

20.   Undisputed in part. The February 6, 2020 letter to Plaintiff advised of LINA's intention to uphold the decision but gave her the opportunity to review and respond to the opinions by the specialist reviewers. *See* LINA SMF ¶¶ 29, 37 & AR 570. Plaintiff did not submit any response. LINA SMF ¶ 38. The March 5, 2020 letter conveyed LINA's appeal decision upholding the denial of LTD benefits. *See* LINA SMF ¶ 39.

21.   Undisputed.

22.   Disputed in part and as incomplete. While Plaintiff has quoted a small portion of Dr. Predanic's opinion, this must be read along with the full assessment. *See* LINA SMF ¶¶ 24-25; AR 435-38.

23.   Disputed in part and as incomplete. While Plaintiff has quoted a small portion of Dr. Predanic's opinion, this must be read along with the full assessment. *See* LINA SMF ¶¶ 24-25; AR 435-38.

24.   Disputed in part and as incomplete. While Plaintiff has quoted a small portion of Dr. Predanic's opinion, this must be read along with the full assessment. *See* LINA SMF ¶¶ 24-25; AR 435-38.

25.   Undisputed.

26.   Disputed in part and as incomplete. While Plaintiff has quoted a small portion of Dr. Predanic's opinion, this must be read along with the full assessment. *See* LINA SMF ¶¶ 24-25; AR 435-38.

27.   Undisputed in part, but incomplete. While Plaintiff has quoted a small portion of Dr. Predanic's opinion, this must be read along with the full assessment. *See* LINA SMF ¶¶ 24-25; AR 435-38.

28.   Undisputed.

29. Disputed in part and as incomplete. While Plaintiff has quoted a small portion of Dr. Souayah's opinion, this must be read along with the full assessment. *See* LINA SMF ¶ 26; AR 445-48.

30. Undisputed in part, but incomplete. While Plaintiff has quoted a small portion of Dr. Souayah's opinion, this must be read along with the full assessment. *See* LINA SMF ¶ 26; AR 445-48.

31. Undisputed in part, but incomplete. While Plaintiff has quoted a small portion of Dr. Souayah's opinion, this must be read along with the full assessment. *See* LINA SMF ¶ 26; AR 445-48.

32. Undisputed in part, but incomplete. While Plaintiff has quoted a small portion of Dr. Souayah's opinion, this must be read along with the full assessment. *See* LINA SMF ¶ 26; AR 445-48.

33. Undisputed.

34. Undisputed.

35. Undisputed in part, but incomplete. While Plaintiff has referenced a small portion of Dr. Burke's opinion, this must be read along with the full assessment. *See* LINA SMF ¶¶ 32-33, AR 550-52.

36. Undisputed in part, but incomplete. While Plaintiff has referenced a small portion of Dr. Burke's opinion, this must be read along with the full assessment. *See* LINA SMF ¶¶ 32-33, AR 550-52.

37. Undisputed in part, but incomplete. While Plaintiff has referenced a small portion of Dr. Burke's opinion, this must be read along with the full assessment. *See* LINA SMF ¶¶ 32-33, AR 550-52.

38. Undisputed.

39. Undisputed.

40. Undisputed.

41. Undisputed in part, but incomplete. While Plaintiff has referenced a small portion of Dr. Belcourt's opinion, this must be read along with the full assessment. *See* LINA SMF ¶ 36, AR 554-56.

42. Undisputed in part, but incomplete. While Plaintiff has referenced a small portion of Dr. Belcourt's opinion, this must be read along with the full assessment. *See* LINA SMF ¶ 36, AR 554-56.

43. Undisputed in part, but incomplete. While Plaintiff has referenced a small portion of Dr. Belcourt's opinion, this must be read along with the full assessment. *See* LINA SMF ¶ 36, AR 554-56.

44. Undisputed.

45. Undisputed

46. Undisputed in part, but incomplete. While Plaintiff has referenced a small portion of Dr. Richardson's opinion, this must be read along with the full assessment. *See* LINA SMF ¶¶ 34-35, AR 558-61, 577-81.

47. Undisputed in part, but incomplete. While Plaintiff has referenced a small portion of Dr. Richardson's opinion, this must be read along with the full assessment. *See* LINA SMF ¶¶ 34-35, AR 558-61, 577-81.

48. Disputed in part and incomplete. While Plaintiff has referenced a small portion of Dr. Richardson's opinion, this must be read along with the full assessment. *See* LINA SMF ¶¶ 34-35, AR 558-61, 577-81.

49. Undisputed in part, but incomplete. While Plaintiff has referenced a small portion of Dr. Richardson's opinion, this must be read along with the full assessment. *See* LINA SMF ¶¶ 34-35, AR 558-61, 577-81.

50. Disputed. Dr. Richardson attempted to reach Dr. Lopez both via phone and fax. LINA SMF ¶ 35 & AR 580-81.

51. Undisputed in part, but incomplete. Dr. Richardson's precise notation states:

> Phone call on 01/21/20 at 11:28 AM with Dr. Lopez. Dr. Lopez' assistant, Annabelle, stated to fax any questions to 855-849-7018 as the physician's schedule does not allow time to speak verbally.

AR 580; *see* LINA SMF ¶ 35.

52. Undisputed.

53. Undisputed that after the contact attempts were unanswered, Dr. Richardson completed his report as stated in the report. AR 577-81.

54. Disputed. The February 6, 2020 letter to Plaintiff advised of LINA's intention to uphold the decision but gave her the opportunity to review and respond to the opinions by the specialist reviewers. *See* LINA SMF ¶¶ 29, 37 & AR 570. Plaintiff did not submit any response. LINA SMF ¶ 38.

55. Disputed as to Plaintiff referring to the February 6 letter as the "denial letter." Undisputed that the letter advised Plaintiff had not submitted any new evidence in support of her claim. *See* LINA SMF ¶¶ 30, 37-40; AR 564-68.

56. Undisputed that the letter cited by Plaintiff at Pl's SMF ¶ 56 (at AR 575) is from attorney Maria Santi advising of her representation of Plaintiff. LINA is without knowledge as to whether Plaintiff has consulted with any attorney prior to that date.

57. Disputed. *See* LINA SMF ¶¶ 18-22, 25-28, 32-34, 36-39 (and AR pages cited therein).

58. Undisputed as clarified in LINA's SMF ¶¶ 15-16.

59. Undisputed as clarified in LINA's SMF ¶ 16.

60. Undisputed in part.  To the extent Plaintiff has accurately and completely re-typed the contents of Dr. Lopez's statements from his records, as cited in Plaintiff's SMF ¶ 60, LINA does not dispute that the contents of Dr. Lopez's records say what they say.  To the extent any of the typed text has been paraphrased, omits any words, or contains any errors, LINA disputes the contents and states the documents themselves, as contained in the AR are the only true source for the information.  However, LINA's agreeing that Dr. Lopez's records say what they say does not mean LINA agrees with any conclusions drawn by Dr. Lopez, as LINA obtained several specialist expert opinions regarding Plaintiff's medical records and condition.  *See* LINA SMF ¶¶ 18-22, 25-28, 32-34, 36-39 (and AR pages cited therein); *see also* ECF 18 (LINA Motion for Summary Judgment).

61. Undisputed in part. To the extent Plaintiff has accurately and completely re-typed the contents of Dr. Lopez's statements from his records, as cited in Plaintiff's SMF ¶ 61, LINA does not dispute that the contents of Dr. Lopez's records say what they say.  To the extent any of the typed text has been paraphrased, omits any words, or contains any errors, LINA disputes the contents and states the documents themselves, as contained in the AR are the only true source for the information. However, LINA's agreeing that Dr. Lopez's records say what they say does not mean LINA agrees with any conclusions drawn by Dr. Lopez, as LINA obtained several specialist expert opinions regarding Plaintiff's medical records and condition.  *See* LINA SMF ¶¶ 18-22, 25-28, 32-34, 36-39 (and AR pages cited therein); *see also* ECF 18 (LINA Motion for Summary Judgment).

Dated: July 19, 2021                                             Respectfully submitted,

s/ Shari Gerson
SHARI GERSON
Florida Bar No. 17035
GRAY ROBINSON, P.A.
Email: Shari.Gerson@Gray-Robinson.com
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: 954-761-8111
Facsimile: 954-761-8112

and

Kelly J.H. Garcia
Florida Bar No. 0694851
Email: kelly.garcia@gray-robinson.com
GRAYROBINSON, P.A.
301 E. Pine Street, Suite 1400
Orlando, FL 32802-3068
Tel.: 407-843-8880/ Fax: 407-244-5690

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of July, 2021 I have electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on, Maria T. Santi, Your Insurance Attorney, PLLC, Health and Medicine Law Firm Division, 2601 S. Bayshore Drive, 18th Floor, Miami, FL 33133, Tel: 305-444-5969, email: msanti@yourinsuranceattorney.com, *counsel for Plaintiff*, in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Shari Gerson
SHARI GERSON
Florida Bar No. 17035
